**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 13-cr-0159-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    BRANDON LEE BROWN,
2.    JERRICA ALLEN,
3.    **HUBERT ASBERRY,**
4.    **MARCUS BAKER,**
5.    **BRANDON DUJUAN BROWN,**
6.    CRYSTAL BUTLER,
7.    **WESLEY CONNER,**
8.    **RODNEY DELATORRE REYNA,**
9.    **KENT HOOKS,**
10.   STEPHANIE KIRBY,
11.   **ARTURO MARTÍNEZ,**
12.   **DUSTY MEDEIROS,**
13.   **JAMILA POWERS,**
14.   SORL SHEAD, JR.,
15.   **LEON SIMMONS,**
17.   **ARNELL STEWART,**
18.   **JULIAN WHEELER, and**
19.   **LEONARD WRIGHT,**

    Defendants.

---

**ORDER GRANTING ENDS-OF-JUSTICE CONTINUANCE AND
SETTING DEADLINES FOR REMAINDER OF CASE**

---

On November 12, 2013, the Court held a status conference regarding the progress of this action. (ECF No. 499.) At the hearing, counsel for Defendant Stewart made an oral motion for an additional ends-of-justice continuance ("Motion") of sixty

days, which was joined by Defendants Baker, Wheeler, and Medeiros[1]. The Government did not oppose the Motion. The Court granted the Motion on the record, and informed the parties that it would issue an order setting forth the basis for such continuance. (*Id.*) This Order shall set forth such rationale.

At the hearing, defense counsel informed the Court that all discovery has been disclosed by the Government, but that defense counsel was still working through reviewing the materials themselves and with their clients.[2] Counsel represented that they would need additional time to investigate a number of issues that arose from the discovery produced, and that such investigation needed to occur before they would be in a position to file motions. Counsel stated that they anticipated filing a variety of pretrial motions. Additionally, Defendant Stewart's counsel noted that he was appointed only two months ago, which is more than four months after the rest of the attorneys, and that this late appointment resulted in him needing additional time to review and investigate discovery. Finally, Defendant Baker has asked the Court to appoint new counsel (ECF No. 492), and his currently appointed counsel joined the request for an additional exclusion on the basis that any new counsel would need time to review the discovery.

The Court finds that Defendants have shown that their interest in having adequate time to review discovery, prepare motions, and prepare for trial outweighs the

---

[1] Counsel for Ms. Medeiros joined the Motion for an Ends of Justice Continuance, but requested thirty days instead of sixty.

[2] The Court has previously found that the volume of discovery in this case makes it complex for purposes of 18 U.S.C. § 3161(h)(7)(B)(iv). (ECF No. 243.)

public's interest in a speedy trial.  The Court also finds that the public's interest in a speedy trial will not be subverted by granting the requested sixty day continuance and, therefore, an ends-of-justice continuance is warranted pursuant to Section 3161(h)(7)(B)(iv).  As the Court ordered at the hearing, all days between November 24, 2013 and January 23, 2014 are excluded from the Speedy Trial clock.

A number of other Defendants expressed their desire to keep the case moving and to proceed to trial as expeditiously as possible.  The Court is mindful of the fact that the remaining Defendants in this case are all detained pretrial, and that this militates against any unnecessary delays.  Accordingly, rather than continue to set status conferences to keep apprised of this case, the Court will set the schedule for the remainder of this action, including trial.

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Defendants' oral motion for ends-of-justice continuance is GRANTED;
2. All days between November 24, 2013 and January 23, 2014 are EXCLUDED from the Speedy Trial clock pursuant to Section 3161(h)(7)(B)(iv); and
3. The Court hereby SETS the following schedule for the remainder of the case:
    a. All discovery motions and motions regarding the Indictment shall be filed by January 17, 2014.  The Government shall respond not later than February 17, 2014.
    b. All suppression motions—including wiretap suppression motions (four corners and non-four corners)—shall be filed by March 17, 2014.  The Government shall respond by April 16, 2014.

    c.      All motion to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(e) shall be filed by May 16, 2014.  The Government's response shall be due June 16, 2014.

    d.      A four-week jury trial shall commence on August 25, 2014 at 8:00 a.m. in Courtroom A801.[3]  A final trial preparation conference will be held at 4:30 p.m. on August 18, 2014.

Dated this 13th day of November, 2013.

BY THE COURT:

*(signature)*

William J. Martinez
United States District Judge

---

[3] This trial date presumes that motions will be filed in accordance with the above time frame, and which would toll the Speedy Trial clock pursuant to Section 3161(h)(1)(D). If any deadline should pass without any motions filed, the Court will have to re-examine the Speedy Trial clock and may reset the trial *sua sponte* to an earlier date to ensure that no Defendant's right to a speedy trial is violated.